# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-00007** |
| | ) | **Judge Campbell** |
| **BRIAN MANOOKIAN** | ) | |

### SENTENCING MEMORANDUM

    **COMES NOW** the Defendant, **Brian Manookian**, by and through his undersigned counsel,

and hereby files this Sentencing Memorandum addressing sentencing factors pursuant to 18 U.S.C.

§3553(a).

    Section 3553(a) of Title 18 provides, in relevant part, that "[t]he court, in determining the

particular sentence to be imposed, shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B)    to afford adequate deterrence to criminal conduct;
>> (C)     to protect the public from further crimes of the defendant; and
>> (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>> (A)    the applicable category of offense committed by the applicable category of defendant as set

1

> forth in the guidelines--
>> (I)     issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code ...
>> . . .     (5) a pertinent policy statement–
>> (A)     issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code . . .; and
>> (B)     that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The sentence imposed shall be "sufficient, but not greater than necessary, to comply with the purposes set forth in subsection (2) of this subsection." *Id.* By statute, there are no limitations on the information the Court may consider at sentencing "concerning the background, character, and conduct of a person convicted of an offense." 18 U.S.C. §3661. As part of its consideration of these factors, it is important to note "that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. §3582(a).

On March 17, 2015, pursuant to the terms of the plea agreement, Defendant Brian Manookian entered a plea of guilty to Count 7 of the Superseding Information charging the misdemeanor act of "introducing an unapproved new drug" in violation of 21 U.S.C. §§331(d), 331(a)(1) and 335. The misdemeanor conduct to which Defendant Manookian entered a guilty plea is a strict liability crime (requiring no *mens rea*) and is not a "crime of dishonesty." Pursuant to the plea agreement, the remaining counts will be dismissed at the time of sentencing. The plea agreement is governed in part

by Federal Rule of Criminal Procedure 11(c)(1)(C). At the time of the plea hearing, this Honorable Court "accepted" the plea of guilty and "approved" the plea agreement. (Docket Entry 58).

The binding provisions of the plea agreement provide that "the sentence ... shall not include a term of imprisonment, and shall include a term of probation of one year with supervision to include the following condition: the defendant shall be placed on home confinement for a period of nine months without electronic monitoring." (Docket Entry 58, ¶ 11). The parties contemplate that, pursuant to the standard practices of the Court and U.S. Probation, Defendant Manookian will be permitted to leave home confinement to work, attend medical appointments, attend legal appointments, attend religious services and participate in other matters at the discretion of his supervising U.S. Probation officer. Defendant Manookian is required to pay a special assessment of $25.00 as a consequence of this misdemeanor conviction. 18 U.S.C. § 3013.

Of course, the Court has the discretion of impose a fine in addition to the statutorily mandated special assessment. The PSR suggests a fine amount of $5,000.00 and states that the maximum fine amount is $100,000.00. (See PSR ¶ 88 & p. 22). However, according to 21 U.S.C. §333(a)(1), the maximum statutory fine for a misdemeanor violation of 21 U.S.C. § 331 is $1,000.00. Defendant Manookian has no objection to any fine imposed within the $1,000.00 statutory maximum.

Because no physical or economic harm resulted from the misdemeanor offense and because there is no victim, no restitution is owed.

Pursuant to the terms of the plea agreement and in consideration of all relevant sentencing factors, Defendant Manookian respectfully requests that the Court order a sentence of 1 year of probation with 9 months of home confinement without electronic monitoring as a special condition

3

of probation, a $25.00 special assessment, a fine up to $1,000.00 and no restitution.  The jointly recommended sentence is "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. §3553(a)(2)]."

Respectfully submitted,

**HODDE & ASSOCIATES**
40 Music Square East
Nashville, TN  37203
(615) 242-4200


BY:    s/ Kimberly S. Hodde_____
KIMBERLY S. HODDE
Attorney for Defendant Brian Manookian



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system, *or*, if not registered, sent via email to:

Bill Abely
Assistant United States Attorney
110 Ninth Avenue South
Suite A961
Nashville, TN 37203

Brad Bartels
U.S. Probation Officer
110 Ninth Avenue South
Suite A725
Nashville, TN 37203

this 15th day of June, 2015.

s/ Kimberly S. Hodde_____
KIMBERLY S. HODDE

4